**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WANIJA PRABACHANDRA MAHINDRATHAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72000<br><br>Agency No. A078-444-887<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Wanija Prabachandra Mahindrathan, a native and citizen of Sri Lanka,

petitions for review of the Board of Immigration Appeals ("BIA") order denying

his motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Mahindrathan's untimely motion to reopen because Mahindrathan failed to present material evidence of changed circumstances in Sri Lanka to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c), *Najmabadi*, 597 F.3d at 988-89 (evidence of changed circumstances must be qualitatively different from what could have been presented at prior hearing); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("the critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We reject Mahindrathan's contention that the BIA's recent decision on the merits constitutes a "material change," because contrary to his assertions, the agency denied his claims both on credibility and on the merits.

Finally, we reject Mahindrathan's request for en banc review of the BIA's failure to reopen the case on its own motion.

**PETITION FOR REVIEW DENIED.**